**Hearing Date and Time**: April 12, 2023 at 3:00 p.m. (ET)
**Objection Deadline**: April 12, 2023 at 3:00 p.m. (ET)

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
David M. Zensky
Joseph L. Sorkin
Brad M. Kahn
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of SVB Financial Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ——————————————— x | | |
| In re: | : | Chapter 11 |
| | : | |
| SVB FINANCIAL GROUP,[1] | : | Case No. 23-10367 (MG) |
| | : | |
| Debtor. | : | |
| | : | |
| ——————————————— x | : | |
| | : | |
| SVB FINANCIAL GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 23-01091 (MG) |
| | : | |
| UBS SECURITIES LLC, | : | |
| | : | |
| Defendant. | : | |
| ——————————————— x | | |

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

## UNOPPOSED MOTION TO INTERVENE BY
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy proceeding (the "Chapter 11 Case"), by and through its undersigned proposed counsel, hereby respectfully moves (the "Motion") the Court pursuant to section 1109(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 24 ("Rule 24") of the Federal Rules of Civil Procedure (the "Civil Rules"), and Rule 7024 of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Intervention Order"), permitting the Committee to intervene in the adversary proceeding captioned *SVB Financial Group vs. UBS Securities LLC*, Adv. Proc. No. 23-01091 (MG) [Docket No. 90 in Case No. 23-10367] (the "Complaint" and the corresponding adversary proceeding, the "UBS Adversary Proceeding"), and in support thereof respectfully states as follows:

### PRELIMINARY STATEMENT

1.     Under Second Circuit law, the Committee has an unconditional right to intervene in the UBS Adversary Proceeding pursuant to Rule 7024(a)(1) of the Federal Rules of Bankruptcy Procedure and section 1109(b) of the Bankruptcy Code (*see In re Caldor Corp.*, 303 F.3d 161, 162-63 (2d Cir. 2002)), and both the Debtor and UBS Securities LLC ("UBS") have advised that they consent to the Committee's intervention.[2]

### JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a

---

[2] Neither the Debtor nor UBS has reviewed or specifically approved any of the assertions in this Motion but have consented to the relief sought herein.

core proceeding under 28 U.S.C. § 157(b).  Venue in this district is proper per 28 U.S.C. §§ 1408

and 1409.  The legal predicate for the relief sought herein is section 1109(b) of the Bankruptcy Code

and Rule 24 of the Civil Rules, as made applicable by Rule 7024 of the Bankruptcy Rules.

3.      The predicates for the relief requested in this adversary proceeding are sections

105(a) and 362(a) of the Bankruptcy Code and Rules 7001(7) and 7065 of the Bankruptcy Rules.

4.      Plaintiff/Debtor SVB Financial Group is a financial services company with a

principal place of business at 387 Park Avenue South, New York, New York, 10016.  Defendant

UBS is a Delaware limited liability company and a broker-dealer licensed and qualified to do

business in the states of New York, North Carolina, and California.

## BACKGROUND

### A. The Bankruptcy Case

5.      On March 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.

6.      The Debtor remains in possession of its property and continues to operate and

maintain its business as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  No

request has been made for the appointment of a trustee or examiner in the Chapter 11 Case.

7.      On March 28, 2023, the United States Trustee appointed the Committee pursuant

to section 1102 of the Bankruptcy Code.

8.      The Debtor indirectly operates several different business lines in the financial

services industry through its various wholly-owned subsidiaries, focusing primarily on the

innovation economy.  The Debtor's primary remaining business lines include non-debtor SVB

Securities, as well as SVB Capital, the Debtor's venture capital and credit investment arm.

9.      Additional factual background relating to the Debtor's businesses, the receivership of Silicon Valley Bank, and the commencement of the Chapter 11 Case is set forth in the *Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [Docket No. 21] and *Supplemental Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [Docket No. 43].

**B. SVB Securities**

10.     SVB Securities is a wholly-owned indirect subsidiary of the Debtor and is an SEC-registered broker-dealer providing investment banking services across the healthcare and technology sectors.

11.     The Committee understands that the Debtor is presently evaluating strategic alternatives for its remaining businesses and assets, and that following the FDIC's takeover of Silicon Valley Bank, the Debtor now derives the vast majority of its revenue from SVB Securities.

12.     The Committee is advised that in order to maximize the value of SVB Securities, the Debtor has asked senior management of SVB Securities to focus on shepherding SVB Securities through the complex ramifications of the failure of Silicon Valley Bank, the Debtor's chapter 11 proceeding, and facilitating strategic alternatives for SVB Securities.

13.     The Committee unequivocally supports the Debtor's efforts to focus on these immediate demands in order to maximize the value of the Debtor's estate.

**C. The Arbitrations**

14.     As described in the Complaint, UBS previously filed two arbitration proceedings against SVB Securities and fifteen individual respondents who at that time were investment bankers employed by SVB Securities on August 17, 2021 and February 17, 2022.  In the

4

Arbitrations, UBS is seeking substantial compensatory damages for alleged "lost profits" over a four-year period.

15.    The deadline to serve pre-trial briefs, witness lists, and exhibit lists is April 25, 2023 in the New York action, and May 30, 2023 in the California action.  The evidentiary hearings in the New York action are scheduled for May 15-19, 2023; May 22-26, 2023; and July 24-28, 2023.  The evidentiary hearings in the California action are scheduled for June 19-23, 2023.

16.    By the UBS Adversary Proceeding, the Debtor seeks a brief injunction staying the Arbitrations for a period of 120 days to allow SVB Securities and its senior management to dedicate their efforts to stabilizing the company, addressing regulatory matters, preserving SVB Securities' going-concern value, and pursuing a value-maximizing strategic transaction.  The Committee seeks authority to intervene in the UBS Adversary Proceeding and supports the Debtor's requested relief because the continued prosecution and defense of the Arbitrations impedes the Debtor's restructuring efforts by diverting the time and resources of SVB Securities' leadership.

## **RELIEF REQUESTED**

17**.**    The Committee respectfully requests entry of an order substantially in the form of the proposed Intervention Order, attached hereto as <u>Exhibit A</u>, authorizing it to intervene in the UBS Adversary Proceeding pursuant to section 1109(b) of the Bankruptcy Code and Rule 24 of the Civil Rules (made applicable herein by Rule 7024 of the Bankruptcy Rules) with full participation rights therein.

18.    Both the Debtor and UBS have advised that they do not oppose the relief requested herein.

**BASIS FOR RELIEF**

19.     The Committee is entitled to intervene here as a matter of unconditional right.  Rule 24(a)(1) provides that upon timely application, "the court must permit anyone to intervene who . . . is given an unconditional right to intervene by federal statute . . . ."  Fed. R. Bankr. Proc. 7024. Section 1109(b) of the Bankruptcy Code, in turn, provides that "[a] party in interest, *including . . . a creditors' committee* . . . may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b) (emphasis added).  As such, section 1109(b) of the Bankruptcy Code provides parties in interest, such as the Committee, with "an unconditional right to intervene" in adversary proceedings under chapter 11 pursuant to Rule 24(a)(1).  *In re Caldor*, 303 F.3d at 162-63, 176.

20.     In addressing the scope of intervention as of right, the Southern District of New York has explained that "parties in interest should have the same rights in adversary proceedings that they have in cases."  *In re Adelphia Comms. Corp.*, 285 B.R. 848, 854 (Bankr. S.D.N.Y. 2002). Thus, for example, "intervenor parties in interest have the right to raise any issue, and to appear and be heard on any issue, in an adversary proceeding, just as they have such rights in the umbrella case itself . . . [i]t would likewise follow that they have the right to brief and argue such matters as they see fit, and (though here the matter becomes more abstract) to 'raise' matters of concern to them, in case status conferences and by the filing of motions."  *Id*. at 854-55.  Intervenors also may be given full rights with respect to discovery and proposed settlements.  *See id.* at 856-57.  The Committee here moves to intervene to fully participate in the UBS Adversary Proceeding and, as noted above, the Debtor and UBS have advised that they do not oppose the Committee's intervention.

21.     Although Rule 24(c) of the Civil Rules requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," a

waiver of such requirement is appropriate where, as here, "the Committees [is] not claiming ownership of one or more causes of action in their own name or the ability to bring it derivatively in the name of the estate, and [is] intervening merely to vindicate their rights under section 1109(b)." Fed. R. Civ. P. 24(c); *see also In re Adelphia Comms. Corp.*, 285 B.R. at 856 n. 18.   As the Committee seeks intervention to vindicate its rights under section 1109(b) of the Bankruptcy Code, the pleading requirement of Rule 24(c) is properly waived.

22.     Such waiver is particularly appropriate under the circumstances here.   Among other things, UBS and the Debtor have not demanded such a filing as a condition precedent to consent to the Committee's intervention.   Moreover, the Committee was formed only recently, and its investigation into the very complex set of issues presented by the Chapter 11 Case has just begun. Nevertheless, the Committee is filing contemporaneously with this Motion a joinder to the Debtor's motion for a preliminary injunction, identifying certain key supporting points.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court enter an order substantially in the form of the proposed Intervention Order, attached hereto as <u>Exhibit A</u>, authorizing the Committee to intervene in the UBS Adversary Proceeding and granting the Committee full participation rights therein, and granting such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: New York, NY
April 11, 2023

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:  */s/ James R. Savin*
Ira S. Dizengoff
David M. Zensky
Joseph L. Sorkin
Brad M. Kahn
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
dzensky@akingump.com
jsorkin@akingump.com
bkahn@akingump.com

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
jsavin@akingump.com

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of SVB Financial Group*

**<u>Exhibit A</u>**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                 :
In re:                          :     Chapter 11
                                   :
SVB FINANCIAL GROUP,[1]       :     Case No. 23-10367 (MG)
                                   :
              Debtor.         :
                                   :
———————————————————— x
                                   :
SVB FINANCIAL GROUP,         :
                                   :
             Plaintiff,      :
                                   :
             v.               :     Adv. Proc. No. 23-01091 (MG)
                                   :
UBS SECURITIES LLC,          :
                                   :
             Defendant.     :
———————————————————— x

## [PROPOSED] ORDER GRANTING THE UNOPPOSED MOTION
## TO INTERVENE BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon consideration of the *Unopposed Motion to Intervene by the Official Committee of Unsecured Creditors* [Docket No. __] (the "Motion"),[2] and due and proper notice of the Motion having been given; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation, and sufficient cause appearing therefor, it is hereby ORDERED that:

       1.      The Motion GRANTED; and

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

      2.      The Committee is authorized to intervene in the UBS Adversary Proceeding with full participation rights.

New York, New York
Dated: _____, 2023

                                _____
                                  The Honorable Martin Glenn
                                  Chief United States Bankruptcy Judge